1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOHN S. TINKER,

11            Petitioner,                        No. CIV S-06-0276 MCE KJM P

12        vs.

13    TOM L. CAREY,

14            Respondent.                        FINDINGS AND RECOMMENDATIONS

15    _____/

16            Petitioner is a state prison inmate proceeding pro se with a petition for a writ of

17    habeas corpus under 28 U.S.C. § 2254 challenging his Sacramento County conviction for

18    manslaughter and his term of twelve years.   The petition raises three grounds: (1) the prosecutor

19    committed misconduct in closing argument by vouching for his case, (2) the imposition of the

20    upper term for manslaughter violated Blakely v. Washington, 524 U.S. 296 (2004), and (3) the

21    trial court committed sentencing error by incorporating portions of the probation report into its

22    findings and by using the fact of the enhancement to impose the upper term (dual use of facts).

23            In the answer, respondent contends that the third ground was not exhausted

24    because it had not been included in the petition for review.  An examination of that petition,

25    Lodged Document No. 4, reveals that petitioner presented only the first two grounds to the

26    /////

1

1  California Supreme Court.  As a result, ground three is not exhausted.  <u>Picard v. Connor</u>, 404

2  U.S. 270, 276 (1971).

3          Petitioner has filed a motion for a stay of this action to permit him to exhaust the

4  third claim.  He also has attached a copy of a habeas petition he recently filed in the California

5  Supreme Court.

6          In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court held:

7          [I]t likely would be an abuse of discretion for a district court to
       deny a stay. . . if the petitioner had good cause for this failure to
8          exhaust, his unexhausted claims are potentially meritorious, and
       there is no indication that the petitioner engaged in intentionally
9          dilatory litigation tactics.

10 <u>Id</u>. at 278.

11          Petitioner has not satisfied the <u>Rhines</u> standard, for the record suggests

12  petitioner's request for a stay would delay the litigation unnecessarily.  The exhaustion petition

13  attached to the motion for a stay presents a single argument:  petitioner was denied the effective

14  assistance of appellate counsel because counsel failed to challenge trial counsel's failure to

15  object to the identified sentencing errors, which the Court of Appeal found to be waived by the

16  failure to object.  The state petition will not exhaust claim three; to do so would require yet

17  another exhaustion petition to be filed in the state court.

18          Moreover, claim three may not present a federal question.  A mistake of state law

19  does not constitute a due process violation absent arbitrary, discriminatory or fundamentally

20  unfair action.  <u>Kennick v. Superior Court</u>, 736 F.2d 1277, 1280 (9th Cir.1984); <u>Cooks v.</u>

21  <u>Spalding</u>, 660 F.2d 738, 739 (9th Cir.1981).  Petitioner does not allege facts indicating the

22  California courts' application of its sentencing rules was arbitrary, discriminatory or

23  fundamentally unfair.

24          Accordingly, IT IS HEREBY RECOMMENDED that petitioner's request for a

25  stay of this case be denied.

26  /////

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within ten days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:  November 16, 2006.

10

11                                            U.S. MAGISTRATE JUDGE

12

13

14

15   2

16   tink0726.sty

17

18

19

20

21

22

23

24

25

26