IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN S. TINKER,

    Petitioner,                 No. CIV S-06-0726 MCE KJM P

    vs.

TOM CAREY, Warden,

    Respondent.             <u>ORDER</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

        In his original petition, filed April 4, 2006, petitioner presented three grounds: (1) the prosecutor committed misconduct in closing argument by vouching for his case; (2) the imposition of the upper term for manslaughter violated <u>Blakely v. Washington</u>, 524 U.S. 296 (2004); and (3) the trial court committed sentencing error by incorporating portions of the probation report into its findings and by using the fact of the enhancement to impose the upper term (dual use of facts).

        Respondent filed an answer on August 25, 2006.

1

1           On September 25, 2006, petitioner filed a motion for a stay to permit him to
2 exhaust state remedies.   This court recommended that the stay be denied; this recommendation
3 was adopted by the district court on December 20, 2006.   Petitioner appealed this order, but the
4 appeal was dismissed for lack of jurisdiction.
5           On March 11, 2008, petitioner filed an amended petition, but this court ordered
6 that it be stricken.  Docket No. 26.  Thereafter, on May 27, 2008, petitioner filed the current
7 amended petition along with a request for permission to file an amended pleading.  This
8 proposed amended petition raises three grounds: (1) prosecutorial misconduct during closing
9 argument; (2) Blakely error during sentencing; and (3) the trial court made an improper dual use
10 of facts during sentencing, which is structural error.
11           Respondent has opposed the request for leave to file an amended petition.
12           In Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003) (internal citation
13 omitted), the Ninth Circuit explained:

> In assessing the propriety of a motion for leave to amend, we
> consider five factors: (1) bad faith; (2) undue delay; (3) prejudice
> to the opposing party; (4) futility of amendment; and (5) whether
> the plaintiff has previously amended his complaint. Futility alone
> can justify the denial of a motion for leave to amend.

17           In this case, amendment would be futile, for the proposed amended petition raises
18 essentially identical grounds to those already before the court.
19           IT IS THEREFORE ORDERED that petitioner's request to file an amended
20 habeas petition (docket no. 30) is hereby denied.
21 DATED:  November 14, 2008.

_____
U.S. MAGISTRATE JUDGE

24 2 tink0726.mta